IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MIGUEL A. FERNANDEZ TORRES
Plaintiff
vs
UNITED STATES OF AMERICA
Defendant

CIVIL 16-2396CCC
(Related Cr. 13-0296-01CCC)

## OPINION AND ORDER

Before the Court are the following motions: (a) Miguel Fernández Torres' ("Petitioner" or "Fernández Torres") *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**); (b) the Federal Public Defender's ("FPD") Supplemental Brief in Support of Petitioner's Motion to Vacate (**d.e. 7**); and (c) the United States of America's ("Respondent") Response in Opposition (d.e. 11). For the reasons discussed below, the Court DISMISSES the Petition.

## I. BACKGROUND

On May 22, 2013, Petitioner was charged with other co-defendant in a three-count Indictment[1] (Criminal No. 13-296, d.e. 3). On May 27, 2015, Petitioner pled guilty to a Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Count One), and to possession of a firearm in furtherance of a crime of violence in violation of U.S.C. § 924(c)(1)(A) (Count Three) (Criminal No. 13-296, d.e. 112, d.e. 114). On September 17, 2015, the Court sentenced Petitioner to 30 months as to Count One, and 60 months as to Count Three, to be served consecutively, for a total term of imprisonment of 90 months

---

[1]Petitioner was charged in all three counts.

(Criminal No. 13-296, d.e. 127). Judgment was entered on that same day (Criminal No. 13-296, d.e. 128). On September 23, 2015, the Court entered an Amended Judgment solely toad recommendations to the BOP (Criminal No. 13-296, d.e. 129). Petitioner did not file an appeal.

On July 26, 2016, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and Memorandum of Law in Support thereof (d.e. 1). On April 11, 2017, the FPD filed a Supplemental Brief in Support of Petitioner's Section 2255 Motion (d.e. 7). On September 30, 2016, Respondent filed a Response in Opposition (d.e. 11).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)). Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Id.

A motion under § 2255 is not a substitute for a direct appeal. Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016). As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal." Id. (citations omitted). Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal." Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted). If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless Petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted. Id.; United States v. Frady, 456 U.S. 152, 167-68 (1982).

## III.  DISCUSSION

Fernández Torres moves to vacate, set aside or correct his sentence on the following grounds: (1) ineffective assistance of counsel; and (2) Johnson v. United States, 576 U.S. ____, 135 S.Ct. 2551 (2015) (d.e. 1, d.e. 7).

### A.  Ineffective Assistance of Counsel

Petitioner claims that his counsel was ineffective for failing to advise him of the consequences of not filing a direct appeal (d.e. 4-5). Petitioner provides no further arguments as to this matter so that he would not procedurally default.

The record does not support Petitioner's allegation that counsel did not adequately explain the consequences of not filing a direct appeal. In the Plea Agreement, the parties stipulated a waiver of appeal clause (Criminal

CIVIL 16-2396CCC                 4
(Related Cr. 13-0296-01CCC)

No. 13-296, d.e. 112 at p. 10). Pursuant the Court's Order adopting the Magistrate-Judge's Report and Recommendation,[2] the Court determined that Petitioner had entered a voluntary and intelligent plea (Criminal No. 13-296, d.e. 116). At the Plea hearing, Petitioner was advised by the Court that he could appeal his conviction if he believed that his guilty plea was somehow unlawful or involuntary or if there was some other fundamental defect in the proceedings which was not waived by his guilty plea. (Criminal No. 13-296, d.e. 115 at p. 8).

Petitioner was also informed that he had a statutory right to appeal his sentence under certain circumstances particularly if the sentence was contrary to law, and that with few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Id. Petitioner was apprised that the right to appeal was subject to certain limitations allowed by law because his Plea Agreement contained a waiver of appeal in paragraph nineteen (19) which was read to defendant in open court. Id. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Id. In addition, his attorney acknowledged discussing the waiver of appeal and its consequences with his client (Criminal No. 13-296, d.e. 115, d.e. 116).

It follows, therefore, that Petitioner cannot claim that his attorney did not advise him of the consequences of not filing a direct appeal. Therefore, for the reasons stated above, Petitioner's claim of ineffective assistance of counsel for

---

[2]Adopted by the Court on June 22, 2105 (Criminal No. 13-296, d.e. 116).

failing to advise him of the consequences of not filing a direct appeal is meritless.

**B.	Johnson v. United States, 576 U.S. ____, 135 S.Ct. 2551 (2015)**

Petitioner filed his Section 2255 Motion seeking that his sentence be vacated under Johnson v. United States, 576 U.S. ____, 135 S.Ct. 2551 (2015), on the following grounds:  Hobbs Act robbery categorically fails to satisfy Section 924(c)'s force clause; Hobbs Act robbery cannot be qualified under the residual clause found in Section 924(c)(3)(B) because it is unconstitutional ; and aiding and abetting liability does not require the use of violent force (d.e. 7 at p. 2).  In addition, Petitioner alleges that in light of Johnson, he is actually innocent of his 924(c) charge (d.e. 1 at pp. 4-5).

In Johnson v. United States, ___ U.S. ____, 135 S.Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process."  Johnson, ___ U.S. at ____, 135 S.Ct. at 2555-63.  The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or "violent felonies."  The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that  - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>."  18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).  The

underlined portion above is known as the ACCA's "residual clause."  The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide- ranging" and "indeterminate."  Id.  On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review.  Welch v. United States, ___ U.S. ____, 136 S.Ct. 1257, 194 L.Ed. 2d 387 (2016).

Section 924(c)(1)(A), under which Petitioner was convicted, prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime.  Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(B) (emphasis added).  The underlined portion above is known as the "residual clause" of Section 924(c)(3).  It should be noted that Petitioner was convicted and sentenced under the provision of 924(c) that pertains to the use of a firearm during and in relation to a crime as well as robbery affecting commerce.  See United States v. Hare, 820 F.3d 93, 105-06 (4th Cir. 2016) (declining to address the merits of defendant's Johnson claim where defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime).

A robbery using a weapon in furtherance of a crime under the Hobbs Act, is not covered under the "residual clause" but under the "force clause," that is,

that weapons and the non "residual" conduct, does not constitute a case under Johnson, as the elements of the specific crime are "actual or threatened" criminal conduct. See United States v. Garcia-Ortiz, 904 F.3d 102, 108-109 (1st Cir. 2018) ("[W]e therefore hold that because the offense of Hobbs Act robbery has as an element, the use of threatened use of physical force capable of causing injury to a person or property, a conviction for Hobbs Act robbery categorically constitutes a 'crime of violence' under section 924(c)'s force clause"). "The elements of the Hobbs Act include 'an implicit *mens rea* element of general intent – or knowledge – as the active *rea* of the offense' citing United States v. Frates, 896 F.3d 96, 98 (1st Cir. 2018), and United States v. Ellison, 866 F.3d 32, 39 (1st Cir. 2017). See Garcia-Ortiz, 904 F.3d at 108-109.

As neither Petitioner's conviction nor sentence rest upon the residual clause of section 924(c)(3)(B), Johnson is inapplicable to the circumstances of his case. It follows, therefore, that Petitioner cannot claim that he is actually innocent of his 924(c) charge. Therefore, petitioner's claim seeking his conviction and sentence be vacated under Johnson is DENIED

### III. CERTIFICATE OF APPEALABILITY

It is further ordered that no certificate of appealability should be issued in the event that Petitione**r** filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IV. CONCLUSION**

For the reasons stated, Miguel Fernández Torres' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (**d.e. 1**) and Supplemental Brief in Support of his Motion (**d.e. 7**) are DENIED. This case is DISMISSED, WITH PREJUDICE. Judgment shall be entered on this same date.

SO ORDERED.

At San Juan, Puerto Rico, on September 30, 2019.

S/GUSTAVO A. GELPÍ
Chief U.S. District Judge